# UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE MARK A. BARNETT, CLAIRE R. KELLY, JENNIFER CHOE-GROVES, JUDGES**

**SCHROEDER INDUSTRIES LLC,**

**Plaintiff,**

**and**

**HYDAC TECHNOLOGY CORP., SEDIVER USA, INC., GRANDVIEW GALLERY, LLC, TAOGLAS USA, INC., MBI, INC., JCM AMERICAN CORP., and COYOTE OUTDOOR LIVING, INC.,**

**Consolidated Plaintiffs,**

**v.**

**UNITED STATES, *et al.*,**

**Defendants.**

**Court No. 20-03175-3JP**

## STATUS REPORT PURSUANT TO THE COURT'S REQUEST OF NOVEMBER 3, 2026

Pursuant to the Court's request, made during the status conference held on November 3, 2026, the Government provides the following status report regarding the remainder of the proceedings in this case. On November 4, 2026, counsel for Government conferred with counsel for Plaintiff regarding this report, but as of the time of this filing, counsel for the Government have not received Plaintiff's position.

## Government Statement

Plaintiffs' amended complaint advances five counts, but Plaintiff has represented that it has abandoned Counts 1 and 2, and that it intends to litigate only Counts 3, 4, and 5. *See* ECF No. 593. Count 3 alleges that the List 3 and List 4A duties are unconstitutional revenue collection measures, Count 4 alleges that the promulgation of the List 3 and List 4A duties

violated the Due Process clause of the Constitution, and Count 5 alleges the List 3 and List 4A duties violate the General Agreement on Tariffs and Trade (GATT) and the *Charming Betsy* Canon.

As reflected in the schedule entered on September 29, 2026, ECF No. 26, the Government had anticipated filing the administrative record (essentially designating the administrative record filed in *In Re Section 301 Cases*, Court No. 21-00052, as the administrative record for this case), and then proceeding to the briefing of the merits of the claims. But, on October 28, 2026, plaintiffs notified us that, from their view, the administrative record from *In Re Section 301 Cases*, Court No. 21-00052, would not reflect the complete record in this case. We disagree. To satisfy our obligations under USCIT Rule 73.3, today, we have filed the index for the administrative record in this proceeding.

Irrespective of the record issue, the Government views Counts 3, 4, and 5 of the amended complaint as presenting only questions of law for the Court to resolve. In Count 3, plaintiffs contend that the List 3 and 4A tariffs are unconstitutional because "an additional—and likely driving—reason for the List 3 and List 4A additional duties was to collect revenue for the federal general treasury." Am. Compl. ¶ 86. But such claims were resolved in *HMTX*, where the U.S. Court of Appeals for the Federal Circuit concluded that Section 301 is a permissible delegation of Congress's authority to the United States Trade Representative (USTR), and that USTR had complied with the statutory requirements in enacting Lists 3 and 4A. *See HMTX Indus. LLC v. United States*, 156 F.4th 1236, 1253-54 (Fed. Cir. 2025). And, in any event, this count purports to question the reasons stated on the record for the List 3 and 4A duties, which is a nonjusticiable issue. *See U.S. Cane Sugar Refiners' Ass'n v. Block*, 683 F.2d 399, 404 (C.C.P.A. 1982) ("The

President's action being authorized by the statute on which he relied, his motives, his reasoning, his finding of facts requiring the action, and his judgment, are immune from judicial scrutiny.").

In Count 4, plaintiffs contend that USTR "promulgated List 3 and 4A in violation of the Due Process Clause when they failed to provide a sufficient opportunity for comment, failed to meaningfully consider relevant factors in making their decisions, and failed to adequately explain their rationale. Defendants' predetermined decision-making resulted in the unlawful imposition of tariffs on imports covered by Lists 3 and 4A whose value equals $500 billion." Am. Compl. ¶ 91. But plaintiffs' Due Process claims were, again, resolved by the Federal Circuit in *HMTX*, when it concluded that "USTR's remand redetermination meets the APA's procedural requirements in 5 U.S.C. § 553." *HMTX*, 156 F.4th at 1259. And where the requirements of Section 553 are met, there are no additional requirements imposed by the Due Process clause. *See Vermont Yankee Nuclear Power Corp. v. NRDC,* 435 U.S. 519, 524 (1978) ("[Section 553 establishes] the maximum procedural requirements which Congress was willing to have the courts impose upon agencies in conducting rulemaking procedures."); *Hawaii Helicopter Operators Ass'n v. F.A.A.*, 51 F.3d 212, 215 (9th Cir. 1995) ("HHOA also contends that due process requires the FAA to provide some notice and comment before promulgating the regulation. Where the requirements of § 553 have been satisfied, however, the Constitution imposes no higher procedural requirements.").

Finally, in Count 5, USTR "promulgated List 3 and 4A in violation of Articles I:1 and II:1(a) and (b) of the GATT 1994 and the *Charming Betsy* canon." Am. Compl. ¶ 95. But GATT obligations are not judicially enforceable in a manner that permits this Court to invalidate legislation. *See* 19 U.S.C. § 3512(a) (stating that nothing in the Uruguay Round Agreements shall be construed "to limit any authority conferred under any law of the United States, including

[Section 301]"). And, in any event, plaintiffs' own description of the *Charming Betsy* canon is "the judicial presumption that an act of Congress ought never to be *construed* to violate the law of nations if any other possible construction remains – counsels against interpreting federal statutes to contravene international law." Am. Compl. ¶ 94 (emphasis added). But a rule of construction is just that, and the Federal Circuit already confirmed the List 3 and 4A's compliance with Section 301 in *HMTX*. *See* 156 F.4th at 1254.

Therefore, each of plaintiffs' counts may be addressed through a dispositive motion. To move this case forward, the Government is prepared to file a motion to dismiss to resolve these questions, which should not require a review of the record.

We propose the following schedule:

| **FILING** | **DUE DATE** | **WORD LIMIT** |
|---|---|---|
| Defendant's motion to dismiss. | December 18, 2026 | 14,000 |
| Plaintiffs' and Consolidated Plaintiffs' combined response to the motion to dismiss. | January 22, 2027 | 14,000 |
| Defendants' reply in support of the motion to dismiss. | February 12, 2027 | 7,000 |

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge

BLAKE W. COWMAN
MATHIAS RABINOVITCH
Trial Attorneys
International Trade Field Office
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278

*Attorneys for Defendant*

Dated: November 4, 2026